United States District Court

Eastern District of California

Donald Williams, et al.,

    Plaintiffs,                    No. Civ. S 05-0501 MCE PAN P

  vs.                                Order

T. Felker, et al.,

    Defendants.

-oOo-

Plaintiffs Williams and Burns are state prisoners without counsel litigating a civil rights action.

May 13, 2005, plaintiff Williams filed a motion to amend the complaint.  May 19, 2005, the court denied the motion on the ground the proposed amended pleading was not signed by both plaintiffs.

June 2, 2005, plaintiff Williams filed a "response" characterizing himself as the "lead" litigant and asking court assistance in obtaining the signature of plaintiff Burns on the

proposed amended complaint.

A litigant appearing pro se has no authority to proceed on behalf of any one other than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987).

The court will not assist plaintiffs in communicating with one another because they could have filed, and still can file, separate actions.

Plaintiffs moved March 14, 2005, to appoint counsel. In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant. Mallard v. District Court, 490 U.S. 296 (1989).

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. See Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact

and law.  Id.  Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the plaintiff's possession, viz., they do not require investigation outside the prison walls.  Id. at 887-88.

Here, plaintiffs bring a laundry list of claimed constitutional violations at High Desert State Prison.  The law governing these issues is settled and investigation outside the prison walls is unnecessary to discover material facts.  There is, on the record before the court, no reason to believe appointment of counsel would be of significant benefit.

Accordingly, plaintiffs March 14, 2005, motion for appointment of counsel is denied.  If plaintiffs fail to file an amended complaint within 20 days the court will proceed with screening the original pleading.

Dated:  June 16, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge