United States District Court

Eastern District of California

| | |
|---|---|
| Donald Williams, et al., | |
|     Plaintiff, | No. Civ. S 05-0501 MCE PAN P |
| vs. | Order |
| T. Felker, et al., | |
|     Defendants. | |

-oOo-

    March 14, 2005, plaintiffs Williams and Burns, both inmates at High Desert State Prison (HDSP) in Susanville, filed a complaint against 13 HDSP officials.  The pleading challenged policies implemented and negative actions taken against plaintiffs after a race riot at the prison in 2003.

    May 13, 2005, Williams alone moved to amend the complaint to name an additional defendant.  The court denied the motion on the ground Burns had not signed it.  Williams sought court intervention to enable him to communicate with his co-plaintiff,

1  which the court denied June 17, 2005.  The court informed
2  Williams that, as a pro se litigant, he could not "represent"
3  Burns or proceed on his behalf, and that the court would proceed
4  with screening the initial pleading (signed by both plaintiffs)
5  if they did not amend it within a set time.  The court denied a
6  request to appoint counsel.  Shortly thereafter Williams was
7  transferred to California State Prison - Corcoran.
8      September 14, 2005, Williams filed a "motion for third
9  amended complaint."  Williams states it is impossible for him to
10 communicate with Burns, nor can he obtain Burns' signature on an
11 amended pleading.  Williams seeks to supplement the pleading to
12 allege claims that five HDSP officials <u>not</u> named in the initial
13 pleading launched a campaign of retaliation for this lawsuit,
14 resulting in his transfer to Corcoran and other problems.
15 Williams also introduces claims regarding conditions of
16 confinement at Corcoran.
17     Burns has filed nothing in many months and his desire to
18 continue in this litigation is in doubt.  In Burns' absence,
19 Williams seeks to alter, dramatically, the scope and direction of
20 the litigation.
21     Good cause appearing, the court hereby orders that:
22     1.  All Williams' pending requests are denied because they
23 are made without Williams' co-plaintiff, Burns.  Any future
24 filings without Burns' signature will be stricken.  Williams may
25 file a new action, of whatever scope he desires, at any time.
26     2.  Within 20 days, plaintiff Burns shall show cause why the

court should not deem his application to proceed in forma pauperis withdrawn and dismiss his claims without prejudice.  If Burns does not respond the court will dismiss his claims under Fed R. Civ. P. 41(a).  If Burns wishes to proceed as a plaintiff the court will grant a limited time for plaintiffs to hire counsel or otherwise arrange to litigate this action jointly, if it can be done without intrusion upon the CDC's custody decisions and policies governing communications between prisoners.

    3.  The court will screen the pleading after determining Burns' intentions.

    Dated:  December 27, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge