IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAMS and
BRIAN BURNS,

      Plaintiffs,                                No. CIV S-05-0501 MCE PAN P

   vs.

T. FELKER, et al.,

      Defendants.                              <u>ORDER</u>

/

          Plaintiffs are two state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On September 14, 2005, plaintiff Williams attempted to file an amended complaint.  By order filed December 28, 2005, his request to amend was denied because the proposed complaint did not contain the signature of co-plaintiff Burns.  Plaintiff Burns was directed to show cause why his claims should not be dismissed.  Plaintiff Burns did not respond and on February 8, 2006 the court issued findings and recommendations recommending that plaintiff Burns' claims be dismissed.  On February 13, 2006, plaintiff Burns filed a response to the order to show cause.  Plaintiff Burns stated his response was delayed because he was transferred from CSP-Sacramento to Kern Valley State Prison.  Good cause appearing, the findings and recommendations will be vacated.

1

1       This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

      In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections. Plaintiff Williams is confined at Corcoran State Prison in Corcoran, California. Plaintiff Burns is confined at Kern Valley State Prison in Delano, California. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

      Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Williams will proceed in this action, while plaintiff Burns will proceed in a civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

      The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

      Each plaintiff has filed a request for leave to proceed in forma pauperis. However, plaintiff Williams' March 21, 2005 application to proceed in forma pauperis was incomplete because the institution had not completed the certification portion and plaintiff Williams had not provided a certified trust account statement. Thus, plaintiff Wiliams will also

be required to file a complete application as well as a certified trust account statement within thirty days. Plaintiff Burns' April 18, 2005 application is complete and will be transferred to the new action. The court will review plaintiff Burns' application once he has filed an amended complaint.

Because these plaintiffs' claims will be severed, each plaintiff will be given thirty days to file, in his own action, an amended complaint, using the forms provided by the court with this order. Each plaintiff is cautioned that if this action proceeds further it is probable that each plaintiff will incur a liability in the amount of the $250.00 filing fee, which amount will be collected from his prison trust account.[1] See 28 U.S.C. § 1915(b).

Plaintiffs are cautioned that any amended complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

If plaintiffs choose to file amended complaints, each plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs are cautioned that each plaintiff will be pleading his own claims. This is

---

[1] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

not a class action and each plaintiff should not include the allegations that pertain to his previous co-plaintiff.

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The February 8, 2006 findings and recommendations are vacated;

2. The claims of plaintiff Burns are severed from the claims of plaintiff Williams;

3. Plaintiff Williams shall proceed as the sole plaintiff in case No. CIV S-05-0501 MCE PAN P;

4. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Burns;

    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the file opened for plaintiff Burns;

    d. Place a copy of the complaint filed March 14, 2005 and the April 18, 2005 motion to proceed in forma pauperis in the file opened for plaintiff Burns;

    e. Strike from the caption of each plaintiff's complaint the name of the other plaintiff;

    f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action;

  5. Each plaintiff's complaint is dismissed;

  6. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and to send plaintiff Williams a new Application to Proceed In Forma Pauperis By a Prisoner;

  7. Plaintiff Burns is granted thirty days from the date of service of this order to file an amended complaint, using the forms provided by the court with this order. Plaintiff Burns' documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Plaintiff Burns must file an original and two copies of his amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that the plaintiff Burns' action be dismissed.

  8. Plaintiff Williams is granted thirty days from the date of service of this order to file an amended complaint and a fully completed application to proceed in forma pauperis by a prisoner, using the forms provided by the court with this order. Plaintiff Williams' documents must bear the docket number assigned this case, and the complaint must be labeled "Second Amended Complaint." Plaintiff Williams must file an original and two copies of his second amended complaint. Failure to file a second amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the instant action be dismissed.

DATED: February 27, 2006.

            _/s/_
            UNITED STATES MAGISTRATE JUDGE

/001; will0501.2