IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAMS,

    Plaintiff,                                No. CIV S-05-0501 MCE PAN P

    vs.

T. FELKER, et al.,

    Defendants.                     ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By court order filed March 1, 2006, plaintiff was advised that his application to proceed in forma pauperis was incomplete in that it was missing the required certification, and plaintiff had not filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff was granted thirty days to submit a completed application and cautioned that failure to do so would result in a recommendation that this action be dismissed. On June 26, 2006, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

/////

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On March 13, 2006, plaintiff filed a request for a complete copy of the original endorsed complaint, as he only received forty-five pages and is lacking many of the attached exhibits. Good cause appearing, plaintiff's request will be granted.

Also by order filed March 1, 2006, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. <u>Id</u>. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered

/////

> great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Plaintiff's second amended complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiff[] filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff will be given one further opportunity to file an amended complaint, limited to fifteen pages. Plaintiff may use the court's form for filing a civil rights action, which will be provided again. Plaintiff should refer to this order and the Federal Rules of Civil Procedure for guidance in drafting a further amended document or completing the court's form complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

3

because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the preceding pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS HEREBY ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff shall submit, within thirty days from the date of this order, a certified application to proceed in forma pauperis and a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

4. Plaintiff's second amended complaint is dismissed, and the Clerk of the Court is directed to send plaintiff another copy of the court's form complaint for filing a civil rights action under 42 U.S.C. § 1983.

5. The Clerk of the Court is directed to send to plaintiff a complete copy of the original endorsed complaint, including exhibits.

5. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that is limited to fifteen pages, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

/////

1  6. Plaintiff must file an original and two copies of the third amended complaint as
2  the court previously has directed.  Failure to file a third amended complaint in accordance with
3  this order will result in a recommendation that this action be dismissed.
4  DATED: July 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

14
will0501.14amd.new